

One South Church Avenue Suite 700
Tucson, Arizona 85701-1611
Telephone: (520) 622-2090

**Rob M. Charles, Jr., State Bar No. 007359**
Direct Dial: (520) 629-4427
Direct Fax: (520) 879-4705
EMail: RCharles@LRLaw.com
**Erin O. Simpson, State Bar No. 021325**
Direct Dial: (520) 629-4470
Direct Fax: (520) 879-4729
EMail: ESimpson@LRLaw.com
**Jeffrey L. Sklar, 026372**
Direct Dial: (520) 838-7742
Direct Fax: (520) 879-4712
EMail: JSklar@LRLaw.com

Attorneys for Plaintiff
Dealer Services Corporation

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | Chapter: 7 |
| MICHAEL BONEBRAKE and EVELYN BONEBRAKE, | Case No. 2:10-BK-23353-CGC |
| Debtors. | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT AND TO DENY DISCHARGE** |
| DEALER SERVICES CORPORATION, | Adv. Pro. No. 2:10-ap-1922 |
| Plaintiff, | |
| v. | |
| MICHAEL BONEBRAKE, a/k/a MICHAEL R. BONEBRAKE, d/b/a ATM MOTORS, | |
| Defendant. | |

The plaintiff in this action, Dealer Services Corporation ("DSC"), by counsel, pursuant to the provisions of 11 U.S.C. §§ 523(a)(4), 523(a)(6), 727(b), and Rules 4007 and 7001 of the Federal Rules of Bankruptcy Procedure, requests that the Court determine certain obligations of Michael Bonebrake, a/k/a Michael Bonebrake, d/b/a ATM Motors ("Defendant") to DSC to be nondischargeable. Furthermore, DSC respectfully requests that the Court deny the Debtor's discharge in its entirety due to the Debtor's violations of one or more subsections of 11 U.S.C. §727(a). In support of its Complaint, DSC states as



1 follows:

2     1.     The Defendant is a Debtor who, on July 27, 2010 (the "Petition Date"), filed
3 in the District of Arizona a Petition for Relief under Chapter 7 of the United States
4 Bankruptcy Code. That case was assigned Case No. 2:10-bk-23353-CGC.

5     2.     The Defendant listed his mailing address in a written filing with this Court to
6 be 648 N. Bermuda Drive, Mesa, Arizona 85205. He was represented in the filing of the
7 Petition for Relief by Matthew J. Linn, whose business mailing address is identified as 40
8 N. Central Avenue, #1400, Phoenix, Arizona 85298.

9     3.     DSC is a Delaware corporation doing business in Arizona and is a creditor
10 of the Defendant, although Defendant did not disclose this debt on his bankruptcy
11 schedules.

12     4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334,
13 and this matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue
14 is proper under 28 U.S.C. § 1409(a).

15     5.     On or about May 14, 2009, DSC and Defendant entered into a Demand
16 Promissory Note and Security Agreement (the "Note"), whereby Defendant granted DSC a
17 security interest in all of his assets and personal property wherever located, including but
18 not limited to Defendant's vehicle inventory (the "Collateral"). A true and accurate copy
19 of the Note is attached hereto and incorporated herein as <u>Exhibit A</u>.

20     6.     Under the terms of the Note, DSC granted Defendant a secured line of credit
21 in the amount of Fifty Thousand and no/100 Dollars ($50,000.00) for the purpose of
22 financing purchases of inventory for Defendant's vehicle dealership.

23     7.     DSC filed a UCC Financing Statement (the "Financing Statement") with the
24 Arizona Secretary of State, perfecting DSC's lien on Defendant's inventory and certain
25 other Collateral, on May 20, 2009. A true and accurate copy of the Financing Statement is
26 attached hereto and incorporated herein as <u>Exhibit B</u>.

27     8.     Section 7(d) of the Note provides that if Defendant defaulted, he would pay

28



reasonable attorney fees and collection costs incurred by DSC in enforcing the Note.

**COUNT I—DEFALCATION IN A FIDUCIARY CAPACITY**

9. DSC realleges and incorporates by reference the allegations of paragraphs 1 through 8, the same as if set forth verbatim herein.

10. Between May 14, 2009 and September 10, 2009, DSC advanced funds to certain third parties on Defendant's behalf, at Defendant's request (the "Advances"), for the purchase of retail inventory for Defendant.

11. Pursuant to the terms of the Note, the Note is secured by the inventory purchased with the Advances and the proceeds of such inventory.

12. The funds advanced by DSC to Defendant and on Defendant's behalf were not repaid as agreed, and DSC declared the Note to be in default on or about October 11, 2009.

13. DSC has not recovered twelve (12) of the nineteen (19) vehicles which had an outstanding balance as of October 11, 2009, and there are no vehicles remaining in Defendant's inventory. A list of the twelve (12) missing vehicles (the "SOT Vehicles"), including each vehicle's year, make, model, date floorplanned with DSC, and the principal balance remaining on each vehicle, is attached hereto and incorporated herein as Exhibit C.

14. Upon information and belief, Defendant has received full payment from the consumers who purchased the SOT Vehicles.

15. Defendant has not paid DSC the balances remaining on the SOT Vehicles.

16. As to six (6) of the SOT Vehicles, Defendant has paid DSC nothing at all, despite receiving payment in full from the consumers who purchased them.

17. As of the Petition Date, the principal balance the Defendant owes to DSC on the SOT Vehicles, excluding all interest and fees, was Twenty-One Thousand, Two Hundred Eighty-Seven and 71/100 Dollars ($21,287.71).

18. Pursuant to Sections 4(f) and 5(g) of the Note (the "Trust Provisions"), all



amounts received from the sales of any item of Defendant's inventory ("Sale Proceeds") were required to be held in trust for the sole benefit of DSC and were to be remitted promptly to DSC within twenty-four (24) hours of such sales.

19. The Trust Provisions of the Note created an express trust with Defendant, with a clearly identifiable trust res comprised of Sale Proceeds and an affirmative duty on the part of Defendant to remit the Sale Proceeds to DSC within twenty-four (24) hours of each sale.

20. As a result of the Trust Provisions of the Note, a fiduciary relationship existed between Defendant and DSC.

21. Defendant was aware of his fiduciary duty to hold the Sale Proceeds in trust for the benefit of DSC and to remit the Sale Proceeds to DSC within twenty-four (24) hours of such sales.

22. Defendant breached his fiduciary duty to DSC by intentionally failing to deliver the Sale Proceeds of the SOT Vehicles to DSC, instead either using those Sale Proceeds for other purposes or concealing them from DSC and from the Court.

23. Defendant is liable to DSC for defalcation while acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4), and the sum of Twenty-One Thousand, Two Hundred Eighty-Seven and 71/100 Dollars ($21,287.71) is therefore nondischargeable as DSC's actual damages relating to Defendant's actions.

### COUNT II—WILLFUL AND MALICIOUS INJURY

24. DSC realleges and incorporates by reference the allegations of paragraphs 1 through 23, the same as if set forth verbatim herein.

25. DSC held a valid and perfected security interest in the SOT Vehicles and any Sale Proceeds therefrom.

26. Defendant was aware of DSC's security interest in the SOT Vehicles and the Sale Proceeds therefrom.

27. Defendant solely, willfully and intentionally determined how the Sale

Case 2:10-ap-01922-CGC    Doc 1    Filed 10/27/10    Entered 10/27/10 14:45:46    Desc
Main Document    Page 4 of 7

275197.1



1  Proceeds from the SOT Vehicles would be used.

2  28.  At the time Defendant received the Sale Proceeds from the SOT Vehicles,
3  Defendant knew that he was in financial distress.

4  29.  Defendant failed to pay the Sale Proceeds from the SOT Vehicles to DSC.

5  30.  Defendant's failure to pay the Sale Proceeds to DSC was deliberate.

6  31.  Defendant knew or should have known that his failure to pay the Sale
7  Proceeds to DSC was substantially certain to cause harm to DSC, as Defendant had no
8  alternative source to repay DSC for the converted Sale Proceeds.

9  32.  Defendant knew or should have known that his failure to pay the Sale
10  Proceeds to DSC was contrary to commonly accepted duties in the ordinary relationships
11  among floor plan financers and floor plan borrowers.

12  33.  Defendant, through the conduct described above, willfully and maliciously
13  injured DSC, resulting in actual damages to DSC of not less than Twenty-One Thousand,
14  Two Hundred Eighty-Seven and 71/100 Dollars ($21,287.71), exclusive of the interest and
15  fees DSC could have earned on that amount had it been lent to a different dealer.

16  34.  Defendant's debt to DSC which results from his willful and malicious injury
17  to DSC is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

18  **COUNT III—DENIAL OF DISCHARGE**

19  35.  DSC realleges and incorporates by reference the allegations of paragraphs 1
20  through 34, the same as if set forth verbatim herein.

21  36.  On December 8, 2009, DSC filed a complaint (the "Complaint") against
22  Defendant in the Marion County, Indiana, Superior Court under Cause Number 49D03-
23  0912-CC-055496, alleging causes of action for breach of contract and civil conversion. A
24  true and accurate copy of the Complaint, with the referenced exhibits omitted, is attached
25  hereto and incorporated herein as Exhibit D.

26  37.  Defendant was personally served with the Complaint on June 16, 2010. A
27  true and accurate copy of the Certificate of Service of Process filed in the Indiana lawsuit,

28



1 with the affidavit of process server Ross Callese attached, is attached hereto and
2 incorporated herein as <u>Exhibit E</u>.

3    38. Despite his knowledge of the Indiana lawsuit, Defendant failed to list DSC as a creditor on his bankruptcy schedules. As a result, DSC did not learn about the Defendant's bankruptcy filing until October 26, 2010, when a DSC employee happened to search the Public Access to Court Electronic Records ("PACER") website by the Defendant's Social Security Number and located the Defendant's bankruptcy filing.

    39. Defendant knowingly and fraudulently made a false oath or account by failing to disclose to the Chapter 7 Trustee, the U.S. Trustee, his creditors, and the Court his debt to DSC on Schedule D or Schedule F of his bankruptcy schedules.

    40. Defendant knowingly and fraudulently made a false oath or account by failing to disclose to the Chapter 7 Trustee, the U.S. Trustee, his creditors, and the Court his interest in an unincorporated business on Schedule B, Item 13.

    41. Defendant knowingly and fraudulently made a false oath or account by failing to disclose to the Chapter 7 Trustee, the U.S. Trustee, his creditors, and the Court his 2009 gross income from self-employment on his Statement of Financial Affairs, Item 1.

    42. Defendant knowingly and fraudulently made a false oath or account by failing to disclose to the Chapter 7 Trustee, the U.S. Trustee, his creditors, and the Court any information whatsoever regarding his unincorporated business enterprise known as ATM Motors on his Statement of Financial Affairs, Items 18, 19, and 20.

    43. Defendant, with intent to hinder, delay, or defraud DSC, has transferred the SOT Vehicles within one year before the Petition Date.

    44. Defendant has concealed, destroyed, mutilated, or failed to keep or preserve documents from which Defendant's financial condition or business transactions, including the sales of the SOT Vehicles, might be ascertained.

    45. Defendant's actions mandate a denial of his discharge pursuant to 11 U.S.C.



§§ 727(a)(2), 727(a)(3), and 727(a)(4).

WHEREFORE, plaintiff Dealer Services Corporation respectfully requests that the Court enter judgment (i) declaring a portion of Defendant's debt to Dealer Services Corporation to be nondischargeable pursuant to one or more subsections of 11 U.S.C. §523(a); (ii) awarding Dealer Services Corporation judgment against Defendant in an amount not less than Twenty-One Thousand, Two Hundred Eighty-Seven and 71/100 Dollars ($21,287.71) plus post-judgment interest and costs of collection; (iii) denying the Defendant's discharge pursuant to one or more subsections of 11 U.S.C. §727(a); (iv) awarding Dealer Services Corporation its attorney fees and taxable costs; and (v) awarding Dealer Services Corporation such other and further relief as the Court may deem just and proper.

Respectfully submitted this 27th day of October, 2010.

LEWIS AND ROCA LLP


By */s/ Jeffrey L. Sklar*
Rob M. Charles
Erin O. Simpson
Jeffrey L. Sklar
Attorneys for Plaintiff
Dealer Services Corporation